UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **STEVEN W. SNOOK,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 05-CV-2283** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On December 20, 2005, Petitioner, Steven W. Snook, filed a document entitled "Combined Motion to Toll Statute of Limitations, and to Modify Nunc Pro Tunc the Sentence Pursuant to Fed. R. Crim. Proc. Rule 35(A), and/or Title 18 U.S.C. § 3582(C)(1)(B) and (B)(1) and (2)" (#1). Petitioner included the case number of his criminal case, 03-20034, on the document. In his Motion (#1), Petitioner is asking this court to correct his sentence, which he claims was based upon a misapplication of the Sentencing Guidelines predicated on an erroneous, and since invalidated, interpretation of the law. Petitioner was sentenced on November 14, 2003, to a term of 262 months.

This court initially notes that "[o]nce a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). This court concludes that it does not have jurisdiction to entertain a motion to correct Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3582. Nothing in Rule 35 or the statute allows for the relief sought by Petitioner. Therefore, this court concludes that it lacks jurisdiction, in the criminal case, to grant the relief sought by Petitioner. See United States v. Montana, 2003 WL 21801029, at *1 (N.D. Ill. 2003).

This court concludes that Petitioner is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Petitioner's Motion can only properly be construed as a Motion Pursuant

to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence.  A postconviction motion that is functionally, substantively, a motion under section 2255 should be treated as such, even if labeled differently.  United States v. Henderson, 264 F.3d 709, 710 (7th Cir. 2001), citing United States v. Evans, 224 F.3d 670 (7th Cir. 2000).

Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court is now advising Petitioner of this court's intent to characterize the Motion as one under § 2255 and warns Petitioner that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255 ¶ 8).  This court further advises Petitioner that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has.  Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255.  Petitioner is allowed thirty (30) days from the date of this Order to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(2) If Petitioner does not withdraw or amend his Motion, the Government is allowed until January 23, 2006, to file its Response to Petitioner's Motion.  If Petitioner amends his Motion within 30 days, the Government is allowed 30 days from the date of the amended Motion to file its Response.

ENTERED this 21st day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE