UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STEVEN W. SNOOK,        )<br>                         )<br>        Petitioner,    )<br> v.                      )     Case No. 05-CV-2283<br>                         )<br> UNITED STATES OF AMERICA, )<br>                         )<br>        Respondent.    )  | |

## OPINION

On December 20, 2005, Petitioner, Steven W. Snook, filed a document entitled "Combined Motion to Toll Statute of Limitations, and to Modify Nunc Pro Tunc the Sentence Pursuant to Fed. R. Crim. Proc. Rule 35(A), and/or Title 18 U.S.C. § 3582(C)(1)(B) and (B)(1) and (2)" (#1). Petitioner included the case number of his criminal case, 03-20034, on the document. In his Motion (#1), Petitioner asked this court to correct his sentence, which he claims was based upon a misapplication of the Sentencing Guidelines predicated on an erroneous, and since invalidated, interpretation of the law.

On December 21, 2005, this court entered an Opinion (#3) in this case. This court initially noted that "[o]nce a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). This court therefore concluded that it did not have jurisdiction to entertain a motion to correct Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3582. This court concluded that nothing in Rule 35 or the statute allowed for the relief sought by Petitioner. Therefore, this court concluded that it lacked jurisdiction, in the criminal case, to grant the relief sought by Petitioner. See United States v. Montana, 2003 WL 21801029, at *1

(N.D. Ill. 2003).

This court then concluded that Petitioner was seeking relief that he could only obtain through 28 U.S.C. § 2255. Therefore, Petitioner's Motion could only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. This court, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), advised Petitioner of this court's intent to characterize the Motion as one under § 2255 and warned Petitioner that this characterization would subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255 ¶ 8). This court further advised Petitioner that he had the opportunity to withdraw the Motion, if he did not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

On January 17, 2006, Petitioner filed his Objections to the Characterization of his Motion (#4). He objected to the characterization of his Motion as a motion under § 2255, stating that a § 2255 Motion would be beyond the one-year time frame allowed for such motions. Petitioner asked this court to rescind its Opinion and "proceed with the Motion as is."

The problem with Petitioner's request, of course, is that this court has already concluded that it does not have jurisdiction to grant the relief sought by Petitioner unless his Motion is construed as a motion under § 2255. However, the Supreme Court in Castro made clear that it has to be Petitioner's choice whether his Motion is considered a motion under § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion will not be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255.

(2) Petitioner's Motion, considered "as is," is denied for lack of jurisdiction.

(3) This case is terminated.

ENTERED this 18th day of January, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE